## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMES L. HOLLIDAY, JANE HOLLIDAY
and JAMES M. HOLLIDAY,

       Plaintiffs,

vs.                                            No. CIV 07-0792 JB/DJS

CMC RECOVERY SERVICES, INC. and
DESMOND M. COOPER,

       Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Allow Immediate

Discovery, filed January 31, 2008 (Doc. 3)("Motion").  The Court held a hearing on February 20,

2008. The primary issue is whether the Court should permit the Plaintiffs to conduct immediate

discovery to identify all potential defendants.  Because the Court is concerned about the ex parte

nature of the Plaintiffs' motion, it will enter an order allowing all parties to participate in discovery

to identify the proper defendants.  The Court will not set a deadline for the Plaintiffs to file an

amended complaint or to join parties.  For the reasons stated at the hearing, and for reasons stated

herein consistent with those already stated, the Court will grant in part the Plaintiffs' Motion to

Allow Immediate Discovery.

The Plaintiffs represent that collection agencies are using increasingly common subterfuges

in an effort to avoid compliance and damage awards under the Fair Debt Collection Practices Act.

<u>See</u> Motion ¶ 7, at 2.  For example, they employ multiple corporate identities and then argue that

the plaintiff sued the wrong company.  <u>See</u> <u>id.</u>

The Plaintiffs represent that the Defendants are notorious for their abusive debt collection

activities and their attempts to avoid legal responsibility.  See id. ¶ 5, at 1.  The Plaintiffs contend

that one nationally known monitoring site reports:

> CMC and the related organizations did operate at one time out of Stone Mountain,
> GA.  We have information that suggests they left GA after running up tens of
> thousands of dollars in defaulted judgements . . .  They are now operating out of
> Buffalo, New York . . .  The caller id shows Atlanta, GA, they are using
> 'PhoneSpoof' to fool the debtors.  All calls get routed to the Buffalo address.

Motion ¶ 5, at 1 (quoting http://www.budhibbs.com/debtcollectorpages/cmc_recovery.htm).

When the Plaintiffs filed this lawsuit, they believed the Defendants to be Georgia-based debt

collectors who engaged in abusive debt collection activity toward a disabled New Mexico resident.

See Motion ¶ 1, at 1.  In the collection process, the collector stated to one of the Plaintiffs that he

worked for CMC, which is the reason the Plaintiffs sued the Defendant CMC Recovery Services,

Inc.  See id. ¶ 2, at 1.  CMC is incorporated in Georgia and uses telephone numbers from that state.

See id. ¶ 3, at 1.

The Plaintiffs' counsel, Mr. Richard N. Feferman, represents that he has been through a

similar litigation process in Simpson v. Lenahan, No. CIV -5-0057 JP/DJS.  See Motion ¶ 11, at 2.

Mr. Feferman represents that the plaintiffs in that case obtained a default judgment, then discovered,

when they sought to collect their judgment, numerous layers of corporate entities holding the assets.

See id.  Mr. Feferman reports that the plaintiffs in Simpson v. Lenahan engaged in lengthy post-

judgment litigation, which adsorbed extensive amounts of the Court's resources for motions and

hearings.  See id.

The Plaintiffs represent that the Defendants have attempted to evade service.  See id. ¶ 4, at

1.  After being served, however the Defendants retained a lawyer from the Buffalo, New York area.

See id. ¶ 6, at 1-2.  The Defendants' lawyer stated that these Defendants "perform billing services

only for collection agencies." Id.  He is unwilling to provide further information.  Id.

The Plaintiffs state that they need to conduct immediate discovery to identify all potential defendants.  See id. ¶ 8, at 2.  The Plaintiffs state that, as their first step, they will determine the name of the company or companies and persons who opened and pay the accounts for the telephone numbers at issue here via subpoena and/or deposition.  See id.  The Plaintiffs argue this procedure will also avoid the problem of a defendant filing a motion to dismiss without allowing discovery to pierce the corporate maze to bring the right persons before the Court.  See id. ¶ 9, at 2.

The Plaintiffs contend that the procedure that they propose will likely produce a more just, speedy, and inexpensive result than taking a default judgment that is uncollectible or open to collateral attack, or which results in multiple subsequent cases to reach the parties engaging in wrongful acts.  See Motion ¶ 10, at 2 (citing Fed. R. Civ. P. 1).  Mr. Feferman contends that he is trying to deal with some of these issues on the front end of the case.  See id. ¶ 11, at 2.

At the February 20, 2008 hearing, Mr. Feferman indicated that he had not served the Plaintiffs' motion on any of the Defendants, and that the Defendants have not yet entered an appearance in this case, so they did not receive notice of the hearing.  See Federal Digital Tape Recorder ("FTR") at 9:04:06-9:04:21 (Court & Feferman).[1]  Mr. Feferman noted that he received a letter from an attorney representing the Defendants on December 14th, and Mr. Feferman asked the attorney to file an entry of appearance.  See id. at 09:04:24-09:04:34 (Feferman).  Mr. Feferman represented that the Plaintiffs have corresponded several times with that attorney, but that the Defendants have not entered an appearance.  See id. at 09:04:35-09:04:41 (Feferman).  The Plaintiffs

---

[1]  The hearing was recorded on tape rather than by written transcript.  The Court is, therefore, unable to provide pinpoint transcript citations to the dialogue at the hearing.  The Court instead cites to the record meter.

represented that they have served this motion on the Defendants, but not on the attorney who sent Mr. Feferman a letter.  See id. at 09:04:44-09:04:48 (Court & Feferman).  Mr. Feferman indicated that he did not notify the attorney of the Plaintiffs' motion because he "didn't know for sure if [the attorney] represents them or not."  Id. at 09:04:49-09:05:03 (Feferman).  The Plaintiffs represented that they served the Defendants through Mary Herrera, Secretary of State of New Mexico, and that Ms. Herrera forwarded the service by registered mail to CMC Recovery on November 15, 2007 and that this service was filed with the Court.  See id.  at 09:05:04-09:05:42 (Feferman).

After the Plaintiffs were told that the service was never filed with the Court, the Plaintiffs explained that they had great difficulty in serving the Defendants and sent a process server to Georgia, and represented that they would track down the original return of service.  See id. at 09:05:43-09:06:44 (Feferman).  The Plaintiffs represented that they served the Defendants by November 15, 2007, the day that Ms. Herrera mailed the Defendants' service, and that they have a copy of a certified mail receipt dated December 4, 2007.  See id. at 09:06:45-09:07:09 (Court & Feferman).  Mr. Feferman represented that he received the letter from the attorney for the Defendants on December 18, 2007, but indicated that the letter was dated December 14, 2007.  See id. at 09:07:10-09:07:43 (Feferman).  Mr. Feferman noted the attorney was Mr. Wayne Freed, an attorney with an address in Williamsville, New York.  See id. at 09:07:44-09:07:50 (Feferman).  According to Mr. Feferman, the letter from Mr. Freed stated:

> Dear Mr. Feferman,
>
> Please be advised that my office represents the defendants CMC Recovery Services, Inc. and Desmond Cooper relative to the above matter.  CMC Recovery Services, Inc. and Desmond Cooper preform billing services only for collection agencies, and as such, did not engage in any of the activities set forth in your client's complaint. If your clients have any information, i.e. telephone number, correspondence, etc., that will identify the proper defendant, please advise. Thank you for your courtesy

and cooperation.

Id. at 09:07:51-09:08:44 (Feferman).  Mr. Feferman indicated that, after he received the letter, he and Mr. Freed spoke and exchanged letters.  See id. at 09:08:45-09:08:46 (Feferman).  The Defendants continue to deny that CMC is a proper party and will not provide any information to the Plaintiffs of who the proper party is.  See id. at 09:08:47-09:09:06 (Feferman).  Mr. Feferman indicated that he called a telephone number for CMC Recovery that the Plaintiffs provided to him and was told that if his clients would be paying the debt, they should make the check payable to CMC Recovery Services.  See id. 09:09:23-09:09:54 (Feferman).  The Plaintiffs contended that the Defendants had notice of their Complaint, but chose not to enter an appearance in the case for unknown reasons.  See id. at 09:14:10-09:14:14 (Feferman).

The Court is concerned about the ex parte nature of the Plaintiffs' motion.  Mr. Feferman is instructed to serve a copy of the Plaintiffs' motion on Mr. Freed along with a copy of the notice of the February 20, 2008 hearing.  The Court will enter an order allowing all parties to engage in a full round of discovery to identify the true defendants responsible for conduct alleged in the Plaintiffs' Complaint.  The Plaintiffs are instructed to provide copies of all discovery to both Defendants and to Mr. Freed, including any third-party subpoenas.  The Plaintiffs are instructed to provide any discovery requests, responses, answers, or any other discovery-related motions or matters to both Defendants and Mr. Freed.  Because the Court conducted the hearing and orally granted the Plaintiffs' motion in part, without notice to the Defendants or to Mr. Freed, if the Defendants or Mr. Freed, object, they are free to ask the Court to reconsider this Order if Mr. Freed enters an appearance or if the Defendants otherwise obtain counsel.  The Court will not set a deadline at this time for the Plaintiffs to file an amended complaint or to join additional parties.

**IT IS ORDERED** that Plaintiffs' Motion to Allow Immediate Discovery is granted in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Richard N. Feferman
Feferman & Warren
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*